UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDALL NEAL,

    Petitioner,

v.                           Case No. 05-CV-74000-DT

RAYMOND BOOKER,

    Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO STAY THIS ACTION,
VACATING ORDER FOR RESPONSIVE PLEADING,
AND
CLOSING CASE FOR STATISTICAL PURPOSES**

This matter is pending before the court on Petitioner Cordall Neal's habeas corpus petition and motion to stay these proceedings pending exhaustion of state remedies. Petitioner has been convicted of first-degree murder, carrying a dangerous weapon, and possessing a firearm during the commission of a felony. He alleges that he is serving a life sentence for the murder. On September 14, 2004, the Michigan Court of Appeals affirmed Petitioner's convictions, and on May 31, 2005, the Michigan Supreme Court denied leave to appeal.

Petitioner filed his habeas corpus petition on October 18, 2005. He alleges that (1) the trial court erred when it denied his motion to suppress statements he made to the police in the absence of *Miranda*[1] warnings, (2) he was bound over to circuit court on insufficient evidence, (3) the trial court violated his constitutional rights when it refused to instruct the jury on self defense, and (4) the prosecutor's comments about

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the "race card" deprived him of a fair trial.

Petitioner alleges in his pending motion that he raised his four habeas claims in the Michigan Court of Appeals and in the Michigan Supreme Court. He apparently raised two additional claims concerning his attorney and the sufficiency of the evidence only in the Michigan Supreme Court. Petitioner recognizes that presentation of those claims for the first time to the State's highest court on discretionary review did not satisfy the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(1); *Castille v. Peoples,* 489 U.S. 346, 351 (1989). Consequently, he wants to return to state court and to raise the claims about his attorney and the sufficiency of the evidence in the trial court. He also wants to examine the state court record for other new claims.

If the court dismissed the habeas petition, a subsequent petition might be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). A stay and abeyance are appropriate here because Petitioner does not appear to be engaged in abusive litigation tactics. The unexhausted claims are not clearly meritless, and Petitioner alleges that appellate counsel was ineffective for not raising the new claims on direct appeal. *Cf. Rhines v. Weber*, 544 U.S. 169, 125 S. Ct. 1528, 1535 (2005). In addition, Respondent has not filed a responsive pleading to date.

Accordingly, Petitioner's November 21, 2005 motion for a stay [Doc. # 4] is GRANTED. The habeas petition [Doc. # 1] is STAYED and the November 22, 2005 order requiring a responsive pleading [Doc. # 5] is VACATED.

The court's stay is conditioned on Petitioner filing a motion for relief from

judgment in the trial court within **one hundred twenty-six (126) days** (or 18 weeks) of the date of this order.  If Petitioner is unsuccessful in state court, he may return to this court, provided he does so within **one hundred twenty-six (126) days** of exhausting state remedies.

In the meantime, the Clerk of Court is ORDERED to close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

     S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 17, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 17, 2006, by electronic and/or ordinary mail.

     S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522