**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

CORDALL NEAL,

        Petitioner,

v.                                                    Case No. 05-CV-74000

RAYMOND BOOKER,

        Respondent.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION AND ISSUING A CERTIFICATE OF APPEALABILITY ON TWO CLAIMS**

Pending before the court is petitioner Cordall Neal's motion for reconsideration of the court's Opinion and Order denying his habeas corpus petition. In the alternative, Petitioner seeks a certificate of appealability on his first and third habeas claims. The court will deny the motion for reconsideration, but grant the request for a certificate of appealability.

**I. RECONSIDERATION**

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

### A. Petitioner's Statement to the Police

Petitioner alleges that the court made palpable errors of fact with respect to his first habeas claim, which alleges that the introduction of his inculpatory statements to the police violated his rights under the Fifth Amendment to the United States Constitution. There were three phases of discussion between Petitioner and various officers: a pre-warning conversation with Deputy Sheriff Nathan Adams; a post-warning conversation with Deputy Adams and Detective Jeffrey LaBarr; and a post-warning conversation with Detective Michael Shadbolt and Detective Wolverton.

In its dispositive opinion, the court noted that there was some basis for concluding that *Missouri v. Seibert*, 542 U.S. 600 (2004), was not controlling because Petitioner did not confess to anything during the first interview with Deputy Adams. The court also stated that, under Justice Kennedy's concurring opinion in *Seibert*, *Oregon v. Elstad*, 470 U.S. 298 (1985), controls because there was no evidence of a deliberate strategy to undermine *Miranda v. Arizona*, 384 U.S. 436 (1966). Under *Elstad*, Petitioner's oral and written statements were admissible because they were knowingly and voluntarily made.

The court also analyzed Petitioner's claim under the framework established by the *Seibert* plurality, which used the following five factors to determine whether *Miranda* warnings were effective to accomplish their objective: "the completeness and detail of the questions and answers in the first round of interrogation, the overlapping content of the two statements, the timing and setting of the first and the second [statements], the continuity of police personnel, and the degree to which the interrogator's questions treated the second round as continuous with the first." *Seibert*, 542 U.S. at 615. The

2

court found that the third, fourth, and fifth factors tended to suggest that the *Miranda* warnings were not effective, but the first and second factors (the completeness and detail of the questions and answer and the overlapping content of the statements) suggested that the *Miranda* warnings were effective. Petitioner argues in his motion for reconsideration that the court erred when it determined that the first two factors were effective. According to Petitioner, there was overlap between the first and second interviews and details about the homicide were mentioned in the first interview.

It is true that Deputy Adams asked Petitioner about the circumstances leading up to the shooting before Adams read Petitioner's constitutional rights to him. (Tr. Nov. 15, 2002, at 9.) It is also true that, after advising Petitioner of his constitutional rights, Deputy Adams reviewed the information that he had acquired from Petitioner before his rights were read to him. (*Id.* at 11.) However, the content of the pre-*Miranda* and post-*Miranda* conversations was fundamentally different. During the first interview, Deputy Adams and Petitioner talked about children, fishing, women, beer, and parties. (*Id.* at 7.) Adams did very little talking because at that point he had not read Petitioner's constitutional rights to him. (*Id.* at 10.) The purpose and content of the second interview was the homicide. (*Id.* at 8.) Adams did not use information gleaned from the pre-*Miranda* conversation when he wrote down what Petitioner told him about the homicide. (*Id.* at 12-13.)

The court does not believe that it introduced a palpable defect in concluding that the first two *Seibert* factors weigh in favor of finding that the *Miranda* warnings were effective. The court therefore declines to grant reconsideration on Petitioner's challenge to the admission of his oral and written statements to the police.

### B. The Jury Instructions

Petitioner also contends that the court erred when it concluded that the trial court did not violate his constitutional rights by declining to read a jury instruction on self defense. Petitioner claims that the court improperly weighed the evidence in making its determination that an instruction on self defense was not required. Petitioner points out that he heard gunfire coming from the victim's car and there was evidence of a bullet hole on the side of the van that faced the victim's car.

Habeas courts may not usurp the jury's role and weigh competing evidence. *Barker v. Yukins*, 199 F.3d 867, 874-75 (6th Cir. 1999). This court, however, considered all the evidence, including the bullet hole in Petitioner's van and the fact that Petitioner claimed to hear gunshots coming from the victim's car. The court did not say that some evidence was credible and other evidence was not credible. Instead, the court found that evidence of self defense was insufficient for a reasonable jury to find in Petitioner's favor. *See Matthews v. United States*, 485 U.S. 58, 63 (1988). As Respondent points out in his answer to Petitioner's motion, the victim was a completely innocent victim of mistaken identity, and the bullet hole in the van was made by one of the weapons discarded by the occupants of the van that Petitioner was driving. The court does not believe that a palpable defect exists in its review of the evidence and its conclusion that the evidence did not support a defense of self defense. Accordingly, the court declines to reconsider the issue.

### II. CERTIFICATE OF APPEALABILITY

Having denied reconsideration, the court considers Petitioner's alternative request for a certificate of appealability on his first and third habeas claims regarding the

voluntariness of his statement to the police and the jury instructions.  "[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]"  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the court determined that Petitioner's first and third claims do not warrant granting the writ of habeas corpus, "a claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail."  *Miller-El*, 537 U.S. at 338.

Petitioner's first and third claims raise substantial issues, and reasonable jurists could debate the court's assessment of the claims.  Those claims warrant encouragement to proceed further.  Accordingly,

IT IS ORDERED that Petitioner's motion for reconsideration [Dkt. # 32], in which he also seeks an alternative remedy of a certificate of appealability, is GRANTED IN PART AND DENIED IN PART.  IT IS GRANTED in that a certificate of appealability is ISSUED on Petitioner's first and third claims regarding the trial court's refusal to (1) suppress Petitioner's statements to the police and (2) give a jury instruction on self

defense. It is DENIED in all other respects.

                                                  s/Robert H. Cleland  
                                                  ROBERT H. CLELAND  
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 17, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 17, 2009, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner  
                                                  Case Manager and Deputy Clerk  
                                                  (313) 234-5522